IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 21-14 |
| | ) |
| ARTHUR LEE DAVIS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

I. Introduction

Pending before the court is a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 91) filed by counsel on behalf of defendant Arthur Lee Davis ("Davis" or "defendant"). The government filed a response in opposition to the motion (ECF No. 95), Davis filed a reply (ECF No. 99) and the motion is ripe for decision.

Factual and Procedural Background

On December 13, 2022, Davis pleaded guilty to count 1 of the Indictment at Crim. No. 21-14, which charged him with Possession of a Firearm By a Convicted Felon in violation of 18 U.S.C. § 922(g), on or about January 20, 2021.

As detailed in the presentence investigation report ("PIR"), Davis committed the instant offense while under a criminal justice sentence at two other cases in United States District Court for the Western District of Pennsylvania, Crim. Nos. 07-77 and 08-411. He was in criminal history category IV (ECF No. 66).

At Crim. No. 07-77, Davis pled guilty to conspiracy to distribute 50 grams or more of

crack cocaine and was sentenced to 121 months in prison. The offense conduct, as set forth in the PIR, included a report of shots fired at a Cricket store. (ECF No. 66 at ¶ 37).

At Crim. No. 08-411, Davis pled guilty to a RICO Conspiracy and three counts of Attempted Murder in Aid of Racketeering Activity and was sentenced to serve a total of 146 months in prison. In the PIR, Davis was identified as a member of a gang, the Northview Heights/Fineview Crips. His role was described as follows: "The defendant was considered a "gorilla/soldier" of the enterprise, whose primary responsibility was providing protection for the enterprise through the possession and use of firearms, and the commission of acts of violence." (ECF No. 66 at ¶ 38). Davis was identified as the shooter of a rival gang member in May 2005. Davis admitted to a shooting which took place on May 8, 2006, that involved rival gang members. In August 2006, he committed a robbery at gunpoint. *Id.* As a juvenile, Davis was caught with firearms on his person on multiple occasions. In one incident, he pointed the firearm at police officers. *Id.*

Davis was released from prison and began a term of supervised release in October 2020. His conditions of supervision prohibited him from possessing a firearm. He committed the offense in this case just 3 months later, in January 2021. The weapon he possessed had a high-capacity magazine with 16 rounds of ammunition. *Id.* ¶ 12.

On April 13, 2023, Davis was sentenced to a term of imprisonment of 57 months in this case (Crim. No. 21-14), which was the low end of the then-applicable advisory guideline range. At the same time, the court revoked supervised release and sentenced Davis to a term of imprisonment of 12 months at each of Crim. Nos. 07-77 and 08-411, to run concurrent with each other, and consecutive to the prison term imposed at Crim. No. 21-14.

II.   Discussion

Section 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with U.S.S.G. § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

The parties agree that Davis qualifies for a lower advisory guideline range. Prior to the enactment of Amendment 821, 2023 Sentencing Guidelines App'x C, an offender was given 2 additional criminal history points—commonly referred to as "status points"—if he committed the underlying offense while under a criminal justice sentence. Pursuant to Amendment 821, an offender with 7 or more criminal history points receives only 1 status point and an offender with 6 or fewer criminal history points no longer receives any status points. U.S.S.G. § 4A1.1. If the defendant is still serving a term of imprisonment, Amendment 821 will etroactively apply. U.S.S.G. § 1B1.10.

Davis was determined in the presentence report (ECF No. 66) to have 6 criminal history points for his prior convictions. He received 2 status points, for a total criminal history score of 8, which placed him in criminal history category IV. His offense level was 21 and the advisory guideline imprisonment range was 57 months to 71 months. *See* Tentative Findings and Rulings (ECF No. 75).

After Amendment 821, Davis would not receive any status points. His total criminal history score would be 6, which places him in criminal history category III. His advisory guideline imprisonment range becomes 46-57 months.

The parties vigorously disagree about the second step of the analysis. Davis reasons

that because the court imposed a sentence at the low end of the previously applicable guideline range, the court should reduce his sentence to the low end of the new advisory guideline range. The government reasons that Davis remains a danger to the community and the § 3553 factors militate against any reduction in his sentence. The government cites Davis' poor disciplinary record while in custody for prior offenses and the offense at Crim. No. 21-14. Davis acknowledges that history, but points out that only one minor infraction (possessing contraband tobacco) occurred during the last three years, which was already punished by loss of good time credits. (ECF No. 99 at 3).

Any reduction in the defendant's term of imprisonment must be consistent with the policy statement in U.S.S.G. § 1B1.10. The sentencing commission provided the following commentary:

> (B) Factors for Consideration.--
>
> (i) In General.---Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).
>
> (ii) Public Safety Consideration.--The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).
>
> (iii) Post-Sentencing Conduct.--The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

U.S.S.G. § 1B1.10 (Comment 1B).[1]

---

[1] The "Public Safety Consideration" in U.S.S.G. § 1B1.10 arguably falls within step one of the *Dillon* analysis, but

At the original sentencing hearing, the court followed the requisite three-step sentencing process: "District courts must first calculate the initial Guidelines range, then rule on any motions to depart from the initial range and state the final, departed-to range, and—finally— exercise discretion to choose a sentence within or outside the final range based on the sentencing factors in 18 U.S.C. § 3553(a)." *United States v. Cora-Alicea*, No. 23-1927, 2024 WL 1980750, at *3 (3d Cir. May 6, 2024).

This court issued Tentative Findings and Rulings concerning the applicable range, which were not disputed by the parties and were adopted as the court's final findings and rulings. There were no motions for departure. After considering Davis' sentencing memorandum, the attached letters of support, arguments from counsel and allocution from Davis at the sentencing hearing on April 13, 2023, the court exercised its discretion to impose a sentence based on the § 3553 factors. The court set forth its reasoning on the record. The court determined that a term of imprisonment of 57 months was sufficient, but no greater than necessary, to achieve the purposes of sentencing in this case.

On April 13, 2023, the court immediately proceeded to supervised release revocation hearings at Crim. Nos. 07-77 and 08-411. Davis admitted the violations, which were based on the conduct leading to his conviction at Crim. No. 21-14 (committing another crime and possession of a firearm) and failing to participate in drug testing. The most serious violations were Grade B. For purposes of supervised release at Crim. No. 07-77, Davis was in criminal history category IV; at Crim. No. 08-411, he was in criminal history category VI.[2] The advisory guideline prison range upon revocation at Crim. No. 07-77 was 12-18 months; at Crim. No. 08-

---

is intertwined with the § 3553 factor of safety to the community.
[2] Some of Davis' convictions were too old to be counted in the PIR at Crim. No. 21-14, ECF No. 66.  (*Compare* PIR at Crim. No. 08-411, ECF No. 1870).

411 the range was 21-27 months.  Transcript at 26.  The statutory maximum at each case was 60 months.  The court varied downward for the revocation at Crim. No. 08-411 and imposed a prison term of 12 months at each of Crim. Nos. 07-77 and 08-411, to run concurrent with each other, and consecutive to the prison term imposed at Crim. No. 21-14.  The total term of imprisonment imposed by the court on April 13, 2023, was 69 months.

The court considered Davis' original advisory guideline range of 57-71 months in imposing sentence in this case.  The court acknowledges that after Amendment 821, Davis' advisory guideline range is now 46-57 months.  The sentence imposed in this case on April 13, 2023, was at the low end of his original range and is at the high end of the new range.  This court is not required to impose a sentence at the low end of the new range.  *United States v. Rensing*, No. CR 12-663, 2024 WL 2354176, at *4 (D.N.J. May 22, 2024) (declining to reduce sentence even though defendant was eligible based on § 3553 factors and explaining: "Although Mr. Rensing was originally sentenced at the low end of his initial Guidelines range, the Court is not compelled to do the same for the revised range.").

Davis' sentence was ultimately based on this court's discretionary application of the § 3553 factors.  Notably, the court concluded that Davis poses a danger to the safety of the community, given his violent criminal history, the possession of a loaded firearm with a high capacity magazine and the fact that he committed the offense only 3 months after being released from prison to begin his supervised release.  The court considered the 57-month prison term imposed at Crim. No. 21-14 in determining the proper sentence to be imposed for the supervised release violations at Crim. Nos. 07-77 and 08-411, i.e. 12 months in prison at each of Crim. Nos. 07-77 and 08-411, to run concurrent with each other, but consecutive to the prison term at Crim.

No. 21-14. The court determined that a total term of imprisonment of 69 months was sufficient, but no greater than necessary, to accomplish the sentencing purposes at all the cases.

In determining whether a reduction in sentence is warranted, this court "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 (Comment 1B). In *United States v. Kennedy*, No. CR 13-240, 2024 WL 1013971, at *5 (W.D. Pa. Mar. 8, 2024), the court denied a request for a sentence reduction and commented:

> In light of the totality of the circumstances and all of the relevant § 3553(a) factors, the Court believes that the recent amendments under the U.S. Sentencing Guidelines which retroactively eliminated the assessment of two status points in Defendant's case do not outweigh the § 3553(a) factors supporting the 155-month sentence, particularly given the continued threat Defendant poses to public safety and his poor post-sentencing conduct.

*Id.* at *5. The court explained that the sentence it originally imposed was "necessary to protect the public from the danger that Defendant presents to the community, thereby making a reduction inconsistent with § 3553(a)(2)(C) and U.S.S.G. § 1B1.13(2)." *Id.* The court also considered that "the BOP sanctioned Defendant for possessing a contraband cell phone" and opined that "Defendant's continued misbehavior while incarcerated strongly militates against his request for a sentence reduction." *Id.* at *6.

In *United States v. Burton*, No. CR 19-0289, 2024 WL 1930547, at *5 (W.D. Pa. May 2, 2024), the court found that the defendant was eligible for relief under Amendment 821, but denied to reduce his sentence based on the § 3553 factors, including his history of gun and drug offenses. The court explained that re-examination the § 3553 factors confirmed that the original sentence "was an appropriate term of imprisonment given the nature of this offense, Defendant's criminal history, his utter disregard for the law, and the need to protect the public from further

crimes." *Id.*

The court considered Davis' original advisory guideline range of 57-71 months in determining that a prison term of 57 months was appropriate at Crim. No. 21-14. In light of Amendment 821, Davis' new advisory guideline range is 46-57 months' imprisonment. The applicable guideline range is one of the § 3553(a) factors that must be considered.

Considering the new guideline range along with all the other § 3553 factors, the court concludes that a reduction in sentence is warranted. Given Davis' serious criminal history, this court cannot justify reducing his sentence to 46 months, as Davis requests. After considering the factors of 18 U.S.C. § 3553(a), as well as the defendant's conduct in the interim, the court exercises its discretion to reduce Davis' 57-month sentence to 53 months at Crim. No. 08-411. The consecutive terms of 12 months imprisonment at Crim. Nos. 07-77 and 08-411 remain unchanged, for a total prison term of 65 months. The court concludes that this sentence is sufficient but not greater than necessary to meet the goals discussed above. Accordingly, Defendant's motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 will be GRANTED in part. An appropriate order and amended judgment will be entere

Conclusion

In accordance with the foregoing discussion, the motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 91) will be granted in part.

An appropriate order amending judgment will be entered.

By the court,

Date:  July 23, 2024

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge